UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-134-KDB
5:17-cr-57-KDB-DCK-1

| | |
|---|---|
| **SILVER ELISE JONES,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* 28 U.S.C. § 2255 Motion to Vacate Sentence, (Doc. No. 1).

I.     **BACKGROUND**

Petitioner was charged in the underlying criminal case with: Count One, methamphetamine and heroin trafficking conspiracy (21 U.S.C. § 841(a)(1), 846); Count Two, possession with intent to distribute methamphetamine and fentanyl (21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C)); Count Three, possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)); and Count Four, possession of a firearm and ammunition by a felon (18 U.S.C. § 922(g)(1)). (5:17-cr-57 ("CR") Doc. No. 15) (Superseding Bill of Indictment). The United States filed an Information pursuant to 21 U.S.C. § 851 setting forth a prior Georgia conviction for felony possession of methamphetamine. (CR Doc. No. 11).

Petitioner pleaded guilty to Counts One, Two, and Four pursuant to a written Plea Agreement. (CR Doc. No. 17 at 1). Petitioner admitted that she is, in fact, guilty as charged in those offenses and that the § 851 Information is valid and accurate. (CR Doc. No. 17 at 1-2).The

1

Government agreed to dismiss Count Three and withdraw the § 851 Information at the time of sentencing. (Id.). The Plea Agreement sets forth Petitioner's sentencing exposure of: a minimum of 10 years' imprisonment and a maximum of life for methamphetamine and heroin trafficking conspiracy and possession with intent to distribute methamphetamine; a maximum of 20 years' imprisonment for possession with intent to distribute fentanyl; and a maximum of life imprisonment for the firearm possession. (CR Doc. No. 17 at 2). The Plea Agreement states that: the Court would consider the advisory U.S. Sentencing Guidelines; the Court had not yet determined the sentence; any estimate of the sentence that Petitioner might receive was a prediction rather than a promise; the Court would have the final discretion to impose any sentence up to the statutory maximum and would not be bound by the parties' recommendations or agreements; and Petitioner would not be permitted to withdraw her plea as a result of the sentence imposed. (Id.).

The parties agreed to jointly recommend a base offense level of 36 based on a marijuana equivalent of at least 30,000 kilograms but less than 90,000 kilograms because the amount of controlled substance that was known to or reasonably foreseeable to the Petitioner was: 979.6 grams of methamphetamine (actual); 10 kilograms of mixture and substance containing a detectable amount of methamphetamine; 3 kilograms of mixture and substance containing a detectable amount of heroin; and 28.14 grams of fentanyl. (CR Doc. No. 17 at 3). The parties further agreed that: the entry of Petitioner's plea was timely; Petitioner would not be eligible for the "safety valve" provision of 18 U.S.C. § 3553(f) and U.S. Sentencing Guidelines §§ 2D1.1(b)(17) and 5C1.2; either party may seek a departure or variance from the applicable guideline range; and a two-level weapon enhancement pursuant to § 2D1.1(b)(1) would apply. (CR Doc. No. 17 at 3).

The Petitioner stipulated to the existence of a factual basis to support the guilty plea as set

2

forth in the Factual Basis filed along with the Plea Agreement. (CR Doc. No. 17 at 5). She agreed that the Factual Basis may be used by the Court, United States Probation Office, and United States without objection for any purpose, including to determine the applicable advisory guideline range or the appropriate sentence. (Id.). The Plea Agreement sets forth the rights Petitioner was waiving by pleading guilty, including the right to be tried by a jury, to be assisted by an attorney at trial, to confront and cross-examine witnesses, and not to be compelled to incriminate herself. (CR Doc. No. 17 at 5). The Plea Agreement contains an express waiver of Petitioner's right to contest her conviction and sentence in post-conviction motions and on appeal except for claims of ineffective assistance of counsel or prosecutorial misconduct. (CR Doc. No. 17 at 5-6). The Plea Agreement provides that "[t]here are no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in this Plea Agreement, or as noticed to the Court during the plea colloquy and contained in writing in a separate document signed by all parties." (CR Doc. No. 17 at 8).

The Factual Basis that was filed along with the Plea Agreement provides in relevant part:

> On June 10, 2017, Silver Elise JONES was driving a Dodge Charger when law enforcement pulled her over on North Carolina Highway 16 in Catawba County, in the Western District of North Carolina.
>
> Law enforcement found JONES in possession of fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine (actual)…, and a quantity of a mixture and substance containing a detectable amount of fentanyl….
>
> JONES knew that both the methamphetamine (actual) and fentanyl she possessed were controlled substances under the law at the time of the possession. JONES possessed the methamphetamine (actual) and the fentanyl with the intent to distribute the drugs.
>
> Law enforcement found JONES in possession of a firearm…[,] a .45 caliber handgun. The firearm had traveled in interstate or foreign commerce at some point before law enforcement seized it.

> Before the recovery of this firearm, JONES was convicted of one or more offenses punishable by a term of imprisonment in excess of one year and was therefore prohibited from lawfully possessing a firearm.
>
> In addition, from in or about March 2017 through in or about October 2017, JONES willfully entered into an agreement with one or more people to distribute and possess with intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine….

(CR Doc. No. 18 at 1-2) (paragraph numbers omitted).

On February 23, 2018, a United States Magistrate Judge conducted a plea hearing pursuant to Rule 11 at which Petitioner was represented by counsel. (CR Doc. No. 20) (Acceptance). Petitioner stated, under oath, that: she wanted the Court to accept her guilty plea; she understood the charges, her sentencing exposure, and the consequences of pleading guilty; she understood the rights she was waiving by pleading guilty; and she was pleading guilty because she is guilty of the charged offenses. (CR Doc. No. 20 at 1-3). Petitioner further stated that she understood and agreed with the Plea Agreement including the appellate and post-conviction waivers. (CR Doc. No. 20 at 3). She stated that she read the Factual Basis, understood it, and agreed with it. (Id.). Petitioner stated that nobody threated, intimidated, or forced her to plead guilty, or made any promises of leniency or a light sentence to induce her to plead guilty. (Id.). Petitioner confirmed that she had enough time to discuss any possible defense with her attorney and was satisfied with counsel's services, stating "Excellent…." (Id.).

The Presentence Investigation Report ("PSR") scored the base offense level as 36 pursuant to § 2D1.1(a)(5) because the Petitioner was responsible for a marijuana equivalency of 30,000 to 90,000 kilograms of marijuana. (CR Doc. No. 30 at ¶ 32). Two levels were added because a dangerous weapon, including a firearm, was possessed during the offense. (CR Doc. No. 30 at ¶ 33). Petitioner provided a written statement to the Probation Officer admitting involvement in the

offense stating: "I Silver Jones do admit that I did unlawfully possess and conspired to possess and distribute meth, heroin, and fentanyl." (CR Doc. No. 30 at ¶ 29). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 35. (CR Doc. No. 30 at ¶¶ 48-50). Petitioner had 14 criminal history points and a criminal history category of VI. (CR Doc. No. 30 at ¶ 77). The resulting advisory guideline range was 292 to 365 months' imprisonment. (CR Doc. No. 30 at ¶ 121).

The United States withdrew the § 851 Information and moved for a downward departure to an offense level of 30, which the Court granted. See (CR Doc. No. 36) (Motion for Downward Departure); (CR Doc. No. 43) (Amended Statement of Reasons). The revised advisory guideline range was 168 to 210 months' imprisonment. (CR Doc. No. 43 at 2). In a Judgment entered on October 18, 2018, the Court sentenced Petitioner to 180 months' imprisonment for Counts One and Two, and 120 months' imprisonment for Count Four, concurrent, followed by five years of supervised release.[1] (CR Doc. No. 38). Petitioner did not appeal. On January 8, 2020, the Court reduced Petitioner's sentence to an aggregate term of 120 months' imprisonment on the Government's motion. (CR Doc. No. 50).

Petitioner filed the instant § 2255 Motion to Vacate on October 15, 2019.[2] (Doc. No. 1). She argues that counsel was ineffective for failing to: file a motion challenging the sufficiency of the evidence; "argue or counter prosecutor on facts that were not true;" "explain [the] plea;" challenge the criminal history points; and "explain the appeal process." (Doc. No. 1 at 4-7).

The United States filed a Response (Doc. No. 3), arguing that Petitioner's claims are

---

[1] The case was assigned to Judge Richard L. Voorhees at that time.

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

5

conclusory, waived, and meritless. Petitioner did not reply.

## II.     SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that her "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION[3]

The Petitioner presently raises a number of claims of ineffective assistance of counsel. The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for her defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, a petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced her. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A

---

[3] Petitioner's claims have been restated and renumbered.

reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The prejudice prong inquires into whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. A petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a reviewing court need not even consider the performance prong. Strickland, 466 U.S. at 670.

**(1)  Waiver**

As a preliminary matter, a knowing and voluntary guilty plea waives any "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). A defendant who pleads guilty is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id.

Petitioner stated at the Rule 11 hearing that she understood the charges, her sentencing exposure, and the rights she was relinquishing by pleading guilty including the appellate and post-conviction waivers. See (CR Doc. No. 20). She stated that the guilty plea was freely and voluntarily entered and was not the product of threats, coercion, or promises other than the terms of the Plea Agreement. (Id.). She acknowledged that she was guilty of Counts One, Two, and Four, and agreed that the Factual Basis was true and accurate. (CR Doc. Nos. 17, 20). She further agreed that she

7

had discussed any possible defenses with counsel and was satisfied with counsel's services. (CR Doc. No. 20). The foregoing complies with Rule 11 and demonstrates that Petitioner's guilty plea was freely and voluntarily entered with a full understanding of its nature and consequences and that the guilty plea was supported by an independent factual basis. See Fed. R. Crim. P. 11(b)(1)-(3); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).

Petitioner's knowing and voluntary guilty plea waived any allegations of ineffective assistance of counsel that preceded it, including counsel's alleged failure to challenge the sufficiency of the evidence. To the extent that the Petitioner's allegation that counsel failed to "argue or counter the prosecutor on facts that were not true" refers to pre-plea conduct, this too is waived.[4] Therefore, the Petitioner's allegations that counsel provided ineffective assistance before she pleaded guilty, these claims are dismissed and denied.

**(2)     Involuntary Plea**

Liberally construing the *pro se* Petitioner's arguments, she appears to allege that counsel was ineffective for failing to adequately explain the plea.

The right to the assistance of counsel during criminal proceedings extends to the plea-bargaining process. See Missouri v. Frye, 566 U.S. 134 (2012). Thus, criminal defendants are "entitled to the effective assistance of competent counsel" during that process. Lafler v. Cooper, 566 U.S. 156, 162 (2012) (internal quotation marks omitted); Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013). Where a defendant enters her plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was "within the range of

---

[4] To the extent that this refers to conduct that allegedly occurred after the Petitioner pleaded guilty, it is too vague and conclusory to support relief because Petitioner fails to explain how counsel was allegedly deficient or how such deficiency prejudiced her. See United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court.").

8

competence demanded by attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). To satisfy Strickland's prejudice prong, the defendant must show "there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007).

Petitioner's present contention that counsel did not adequately explain the plea is too vague and conclusory to support relief. Petitioner does not explain how counsel's advice about the plea was deficient, nor does she assert that she would have proceeded to trial but for counsel's allegedly deficient performance. See Dyess, 730 F.3d at 359 ("vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court.").

Moreover, this claim is conclusively refuted by the record. The Plea Agreement and Petitioner's statements under oath at the Rule 11 hearing reflect that the plea was knowingly and voluntarily entered. See Section I, *supra*. Petitioner's present self-serving and unsupported suggestion that she did not understand the guilty plea and its consequences are contradicted by her own sworn statements at the Rule 11 hearing and are rejected. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see, e.g., United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005) (§ 2255 petitioner's sworn statements during the plea colloquy conclusively established that his plea agreement and waiver were knowing and voluntary).

Moreover, Petitioner is unable to demonstrate prejudice. The Plea Agreement was highly beneficial to Petitioner in that it resulted in the dismissal of a serious § 924(c) charge and the §

851 Information, a three-level deduction for acceptance of responsibility, and a downward departure sentence. The decision to go to trial would not have been objectively reasonable in light of the extremely favorable Plea Agreement and the strong evidence of Petitioner's guilt, as demonstrated by the Factual Basis. See United States v. Santiago, 632 F. App'x 769, 774 (4th Cir. 2015) ("when the Government's case is strong," a § 2255 petitioner "faces a nearly insurmountable obstacle to showing that it would have been rational to go to trial."); see, e.g., United States v. Fugit, 703 F.3d 248, 259 (4th Cir. 2012) (finding that the decision to go to trial would not have been objectively reasonable where the evidence of petitioner's guilt was overwhelming).

The record reveals that Petitioner's guilty plea was knowingly and voluntarily entered and that no ineffective assistance of counsel occurred that rendered the plea involuntary. This claim is therefore denied.

**(3)** **Sentencing**

Petitioner contends that counsel performed deficiently with regards to sentencing by failing to challenge her criminal history points.

When applying the Strickland prejudice test in the context of sentencing, "any amount of actual jail time has Sixth Amendment significance." Glover v. United States, 531 U.S. 198, 203 (4th Cir. 2001).

Petitioner's claims that counsel provided ineffective assistance with regards to sentencing is too vague and conclusory to support relief. Petitioner contends that her criminal history was miscalculated, but she fails to identify any alleged error or explain how such prejudiced her in light of the downward departure motion at the time of sentencing, and a subsequent sentence reduction to an aggregate of 120 months' imprisonment which is the minimum mandatory sentence allowed by statute for Count One. See Dyess, 730 F.3d at 359; (CR Doc. No. 50). Accordingly, this claim

will be dismissed and denied.

**(4)** **<u>Direct Appeal</u>**

Finally, Petitioner contends that counsel "did not explain appeal process." (Doc. No. 1 at 7).

<u>Strickland</u> applies in the context of appellate representation. Counsel must file a notice of appeal when instructed by the client to do so. <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000). Even if a client does not expressly request an appeal, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds to appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." <u>Id.</u> at 480; <u>United States v. Cooper</u>, 617 F.3d 307 (4th Cir. 2010). Dereliction of either of these duties constitutes deficient performance. <u>See</u> <u>Flores-Ortega</u>, 528 U.S. 477, 480; <u>Cooper</u>, 617 F.3d at 313. A defendant establishes prejudice by demonstrating a reasonable probability that he would have filed an appeal "but for" counsel's failure to file or consult. <u>Flores-Ortega</u>, 528 U.S. 484.

Petitioner does not allege that she directed her lawyer to file a direct appeal on her behalf or that she expressed an interest in appealing. Therefore, the only question before the Court is whether a rational defendant would have wanted to appeal such that counsel had a duty to consult with Petitioner about appealing. The record reveals that no duty to consult arose in this case. Petitioner's highly beneficial Plea Agreement resulted in the dismissal of a serious § 924(c) charge and the § 851 Information, a three-level reduction in the offense level for acceptance of responsibility, and a downward departure sentence. Further, Petitioner's Plea Agreement contained a knowing and voluntary waiver of her appellate rights except for claims of ineffective

assistance of counsel and prosecutorial misconduct. Petitioner has not set forth any reason that a rational defendant would have wanted to appeal under these circumstances, such as the existence of nonfrivolous grounds for appeal. Indeed, the only potential claims that Petitioner has identified in the instant proceeding address the sufficiency of the evidence and the sentencing guideline calculations, which are not nonfrivolous and would have been barred by the appellate waiver had Petitioner attempted to raise them on direct appeal. Counsel was not ineffective for declining to consult with Petitioner about appealing under these circumstances and, accordingly, this claim is denied.

## IV. CONCLUSION

For the foregoing reasons, the § 2255 Motion to Vacate is dismissed with prejudice and denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** with prejudice and **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3.  The Clerk is instructed to close this case.

Signed: June 4, 2021

Kenneth D. Bell
United States District Judge